## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

KWAME GYAMFI,           }
                               }
      **Plaintiff,**          }
                               }
**v.**                           }     **Case No.:  2:18-cv-00778-RDP**
                               }
**R. ALEXANDER ACOSTA, et al.,**  }
                               }
      **Defendants.**       }

## MEMORANDUM OPINION

This case is before the court on Defendants' Motion to Dismiss Complaint for Improper Venue and Failure to State a Claim.  (Doc. # 11).  Plaintiff has responded to Defendants' Motion (Doc. # 15), and it is ripe for review.  After careful review, and for the reasons explained below, Defendants' Motion (Doc. # 11) is due to be granted in part, and this action is due to be transferred to the United States District Court for the District of Columbia.

## I.  Factual and Procedural Background

Plaintiff is a software engineer who currently works at the Department of Labor's headquarters in Washington D.C.  (Doc. # 1 at 3).  Plaintiff's address of record is in Bowie, Maryland.  (*Id.* at 1).  In April 2016, Plaintiff filed a wage garnishment complaint against Astor & Sanders Corporation with the Department of Labor's Wage and Hour Division ("WHD").  (*Id.* at 15; Doc. # 1-6 at 2).  He submitted the complaint at the Francis Perkins Building in Washington D.C.  (Doc. # 1-1 at 2).  He also submitted a copy of the complaint to the WHD's office in Hyattsville, Maryland.  (Doc. # 1-6 at 2).  According to Plaintiff, in August 2016, he received a response to the complaint from a "Senior Official" in the Department of Labor's

"FMLA Division," but no response from WHD. (Doc. # 1 at 16). He now claims that WHD failed to investigate and adjudicate the wage garnishment complaint. (*Id.* at 9).

In September 2016, Plaintiff filed a complaint with the Department of Labor's Office of the Inspector General ("OIG"). (Doc. # 1-6 at 2). He submitted the complaint to an office in Washington D.C. (*Id.*). He complained that an official had abused her authority by "not allowing the divisional investigator from the Hyattsville, Maryland office" to investigate his earlier wage garnishment complaint. (*Id.* at 2-3). According to Plaintiff, OIG has not investigated or adjudicated the claims in his September 2016 complaint. (Doc. # 1 at 9).

Plaintiff's pleading, styled as a mandamus petition, names six individual defendants, who are sued in their official capacities: (1) Secretary of Labor R. Alexander Acosta, (2) White House Chief of Staff John F. Kelly, (3) Teresa McKay, the Director of the Defense Financial Accounting Services, (4) Scott S. Dahl, the Inspector General, (5) Brian Jarret, the head of WHD, and (6) Bruce Dory, an assistant director of WHD. (Doc. # 1 at 10-13). Defendants Acosta, Kelly, Dahl, and Jarret work in Washington D.C. (*Id.* at 36). Defendant Dory works in Hyattsville, Maryland. (*Id.*). Defendant McKay works in Indianapolis, Indiana. (*Id.*). Plaintiff asks the court to issue a writ of mandamus directing the appropriate officials to rule on his WHD and OIG complaints. (*Id.* at 13-14). Plaintiff also asks the court to review the Department of Labor's actions under the Administrative Procedure Act. (*Id.* at 18). Finally, Plaintiff requests relief under the Whistleblower Protection Act. (*Id.* at 3).

## II.    Analysis

Defendants first argue that this court is not the appropriate venue for this action. (Doc. # 11 at 1-4). Because Plaintiff has sued Defendants in their official capacities, the venue issue is governed by 28 U.S.C. § 1391(e)(1), which provides:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity . . . may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

Plaintiff appears to concede that venue is not appropriate in this district unless the court finds that a substantial part of the events giving rise to the claims occurred in the Northern District of Alabama. (Doc. # 15 at 1-2). "Only the events that directly give rise to a claim are relevant" to determining whether venue is appropriate in a particular district. *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003). The court has reviewed Plaintiff's allegations regarding the events he claims occurred in this district (*see* Doc. # 15 at 1-3), and finds that none of them directly give rise to the mandamus, APA, and Whistleblower Act claims presented in Plaintiff's pleading. Plaintiff has not alleged that any of the Defendants reside in this district, nor does he reside in this district. Accordingly, this court is not a proper venue for this action. *See* 28 U.S.C. § 1391(e)(1).

Defendants move for dismissal of Plaintiff's action on venue grounds. (Doc. # 11 at 4). When a plaintiff files a case in the wrong venue, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Although Defendants argue for dismissal on venue grounds, "the standard remedy for improper venue is to transfer the case to the proper court rather than dismissing it— thus preserving a [plaintiff's] ability to obtain review." *Nat'l Wildlife Fed. v. Browner*, 237 F.3d 670, 674 (D.C. Cir. 2001). The "interest of justice" standard requires the court to weigh private factors, such as the convenience of the parties and witnesses, and "public-interest factors of systemic integrity and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29-30 (1988).

From the court's review of Plaintiff's filings, it appears that the district courts in Maryland, the District of Columbia, and the Southern District of Indiana are each a forum in which this action could have been brought under § 1391(e)(1).  Overall, the court finds that the most convenient forum for the parties is the District of Columbia.  Many of the events underlying this suit occurred in Washington D.C., while others occurred in Maryland.  Most of the officials sued appear to work (and possibly reside) in Washington D.C.  Plaintiff alleges that he works in Washington D.C., and Plaintiff submitted his WHD and OIG complaints to offices in Washington D.C.  For these reasons, the court finds that the interest of justice supports transfer of this suit to the United States District Court for the District of Columbia.

## III.    Conclusion

For the reasons explained above, the court concludes that Defendants' Motion to Dismiss Complaint for Improper Venue and Failure to State a Claim (Doc. # 11) is due to be granted in part.  Because this court is an improper venue for this action, and the interest of justice supports transferring this action to the District of Columbia, the court will transfer this action to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1406(a).  The court need not address -- and does not address -- the merits of Plaintiff's pleading, including whether it states a claim for relief.  An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this August 16, 2018.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

4